[Civ. No. 3082. First Appellate District, Division One.—October 23, 1919.]

WILLIAM T. BLAKELEY, Respondent, v. H. W. BRYSON et al., Appellants.

[1] CONTRACTS—TRANSFER OF REAL PROPERTY TO HOLDER OF NOTE—RIGHT TO SELL.—Where the maker of a promissory note which is past due and unpaid, in consideration for the holder's agreement to refrain for five days from suing upon the note, executes and delivers to such holder of the note a grant deed to certain real estate and also a separate agreement wherein such liability and default is recited, and it is provided that if said indebtedness is not paid within five days thereafter the grantee is authorized to sell the property at either public or private sale without notice, and credit the amount received therefor upon the indebtedness,

and there is no intent upon the part of those giving and receiving said deed that it shall be given as security for the payment of the note, upon default in the payment of the indebtedness within the five days the grantee is not obliged to bring an action under the terms of section 726 of the Code of Civil Procedure to realize upon such property, but may proceed in accordance with the written agreement with the grantor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and W. I. Gilbert for Appellants.

Wm. T. Blakeley for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in an action to recover upon a promissory note executed by the defendants and passing by mesne transfers to the plaintiff. Several amendments were made to the original complaint which are not material to the points presented upon this appeal. The defendants' answer pleaded as a special defense that while one D. B. Brunson was the owner and holder of the note sued upon the defendant, Bryson had made, executed, and delivered to said Brunson a grant deed to certain real estate, which was intended to be and was received by said Brunson as security for the payment of said note. Upon the trial of the cause the defendants offered and there was received in evidence said alleged deed and also an agreement between said Bryson and Brunson of even date with said deed, wherein it was recited that Bryson was indebted to Brunson in the amount evidenced by said promissory note and that said note was past due and unpaid, and that said Bryson desired Brunson to refrain from taking legal proceedings for the collection of the amount due upon said note, and that therefore, and as a consideration therefor, the said Bryson was causing said deed to be executed to said Brunson upon the understanding and agreement that if his said indebtedness to said Brunson was not paid within five days thereafter, the said Brunson was authorized to sell the property covered by said deed at either public or private sale without notice, and credit the amount received therefor

upon said indebtedness. No other explanation appears to have been offered at the trial as to the understanding of the parties to said deed and agreement beyond that contained in the latter instrument itself, and the trial court in deciding the case found that the consideration for said deed was that the grantee therein would refrain from suing upon said note for the period of five days from the date of said conveyance, and further found that the said deed was not given as nor intended to be a mortgage or other security for the payment of said note. The evidence in the case further showed, and the court found, that the lands described in the said deed had been sold pursuant to the terms of said agreement, and the amount received therefor credited upon said note. The judgment of the court was in the plaintiff's favor for the balance found to be due upon the note.

[1] The sole contention made by the appellants upon this appeal is that the conveyance above referred to was given as security for the payment of the note in question, and was in effect a mortgage, and hence that the plaintiff was not entitled to maintain this action, but should have brought an action under the terms of section 726 of the Code of Civil Procedure for the foreclosure of said mortgage.

There is not the slightest merit in this contention, since there was no evidence before the trial court showing any intent upon the part of those giving and receiving said deed that it should have any such effect; but, on the other hand, the written agreement between said parties expresses its purpose, and negatives such an intent.

Judgment affirmed.

Beasly, P. J., *pro tem.*, and Kerrigan, J., concurred.